# UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
### SHREVEPORT DIVISION

MICHELLE PESNELL AND
MARK HOWE, ON BEHALF OF
MARY HOWE, DECEASED

CIVIL ACTION NO. 24-0600

VERSUS

JUDGE ALEXANDER C. VAN HOOK

HOBBY LOBBY STORES, INC.

MAGISTRATE JUDGE HORNSBY

## MEMORANDUM RULING

Before the Court is a Motion for Summary Judgment, Record Document 26, (hereinafter "Motion") filed by Defendant Hobby Lobby Stores, Inc. ("Defendant"). Plaintiffs Michelle Pesnell and Mark Howe, on behalf of Mary Howe, deceased (collectively "Plaintiff")[1] filed a Memorandum in Opposition, Record Document 28, (hereinafter "Opposition"), and Defendant filed a Reply, Record Document 30. For the reasons assigned herein, Defendant's Motion is **GRANTED**.

## BACKGROUND

This lawsuit arises from a slip-and-fall accident that occurred on March 2, 2023, at the Hobby Lobby store ("Hobby Lobby") located at 1750 E. 70th Street in Shreveport, Louisiana. *See* Record Document 1-1 (hereinafter "Petition"). On that date Plaintiff was shopping at Hobby Lobby when she slipped or tripped and fell, hitting an end-cap display and then falling to the floor, sustaining injuries to her

---

[1] After filing this action on her own behalf, plaintiff Mary Howe unexpectedly passed away. Record Document 18. Her daughter Michelle Pesnell and son Mark Howe were then substituted as the plaintiff on her behalf. Record Document 17. References to "Plaintiff" in this Ruling are to Ms. Howe where appropriate.

right shoulder and left leg. Record Document 1-1 at ¶5 and ¶12; Record Document 28 at 1-2; Record Document 28-1 at 2-3. No other customers or store personnel witnessed the fall. Record Document 26-2 at 2. She was unable to stand so Shreveport EMS was called, and she was subsequently taken to the hospital for treatment. Record Document 28 at 2; Record Document 28-3.

The reason for her fall, whether a slip or a trip or something else, is the center of this dispute. In her Petition, Plaintiff contends that she either tripped on an up-raised edge of the Hobby Lobby tile flooring, Record Document 1-1 at ¶5, or she slipped on the wet and slippery floor. Record Document 1-1 at ¶6. Immediately following the incident, she spoke to attending medical personnel, and they wrote that "[she] thinks she tripped over the tile with her left toe and fell." Record Document 28 at 2; Record Document 28-2 at 4.  In her response to Defendant's interrogatories Plaintiff stated, "it felt like the toe of her left shoe had got caught on something and she stumbled." Record Document 26-2 at 2. Plaintiff discussed the incident with "unknown store personnel" immediately after the fall, Record Document 26-2 at 2, but no written report was made by Plaintiff or such store personnel.

Plaintiff alleges that the general condition of the Hobby Lobby floor, either raised tile edges or water on the floor, was the cause of her fall, and that Defendant either created the hazardous condition or knew or should have known that the floor was in such condition, that Defendant should have taken measures to correct it or mark it for customer safety, and that Defendant was negligent in failing to do so. Record Document 1-1 at ¶¶7-11; Record Document 28 at 6-7. Defendant contends that

Plaintiff merely speculates as to the reason for her fall, and at no point can she state for certain what exactly caused the fall, thus failing to satisfy the required causation element of her negligence claim.  Record Document 26-1.

## LAW AND ANALYSIS

### A.    Summary Judgment Standard.

The law pertaining to summary judgment is well settled.  Summary judgment is proper pursuant to Rule 56 of the Federal Rules of Civil Procedure when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." *Quality Infusion Care, Inc. v. Health Care Serv. Corp.*, 628 F.3d 725, 728 (5th Cir. 2010).  A fact is "material" if proof of its existence or nonexistence would affect the outcome of the lawsuit under applicable law in the case. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A dispute about a material fact is "genuine" if the evidence is such that a reasonable fact finder could render a verdict for the nonmoving party. *Id.* "[A] party seeking summary judgment always bears the initial responsibility of informing the district court of the basis of its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact by pointing out that the record contains no support for the non-moving party's claim." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting FED. R. CIV. P. 56(c)). The moving party need not support its motion with affidavits or other evidence, but to defeat a motion for summary judgment the non-movant must present evidence sufficient to establish the existence

3

of each element of its claim as to which it will have the burden of proof at trial. *Id.* at 322.

**B.    Louisiana Merchant Liability Statute.**

Subject matter jurisdiction in this matter is based on diversity; thus, Louisiana tort law applies. *Erie R.R. v. Tompkins*, 304 U.S. 64 (1938) (holding that a federal court sitting in diversity jurisdiction applies the substantive law of the forum state). In Louisiana, merchant liability for slip and fall cases is governed by the Louisiana Merchant Liability Act which provides:

> A. A merchant owes a duty to persons who use its premises to exercise reasonable care to keep its aisles, passageways, and floors in a reasonably safe condition. This duty includes a reasonable effort to keep the premises free of any hazardous conditions which reasonably might give rise to damage.
>
> B. In a negligence claim brought against a merchant by a person lawfully on the merchant's premises for damages as a result of an injury, death, or loss sustained because of a fall due to a condition existing in or on a merchant's premises, the claimant shall have the burden of proving, in addition to all other elements of its cause of action, all of the following:
>
> (1) The condition presented an unreasonable risk of harm to the claimant and that risk of harm was reasonably foreseeable.
>
> (2) The merchant either created or had actual or constructive notice of the condition which caused the damage, prior to the occurrence.
>
> (3) The merchant failed to exercise reasonable care. In determining reasonable care, the absence of a written or verbal uniform cleanup or safety procedure is insufficient, alone, to prove failure to exercise reasonable care.

4

LA. REV. STAT ANN. § 9:2800.6.[2] The plaintiff has the burden of proving all three elements under the Louisiana Merchant Liability Act. *Russell v. Morgan's Bestway of La., LLC*, 47,914 (La. App. 2 Cir. 4/10/13), 113 So.3d 448, 452. The Fifth Circuit observed that this "statute places a heavy burden of proof on plaintiffs in slip and fall cases," which cannot be met by "[m]ere speculation or suggestion." *Bagley v. Albertsons, Inc.*, 492 F.3d 328, 330 (5th Cir. 2007). Failure to prove any of the requirements will prove fatal to the plaintiff's case. *Id.* Furthermore, in addition to the three elements set forth in Section 9:2800.6(B), Plaintiff must prove the five elements of the well-established Louisiana tort law duty/risk analysis: (1) the defendant had a duty to conform its conduct to a specific standard; (2) the defendant failed to conform its conduct to the appropriate standard; (3) the defendant's conduct was a cause-in-fact of the plaintiff's injuries; (4) the defendant's conduct was a legal cause of the plaintiff's injuries; and (5) actual damages. *Berg v. Zummo*, 2000-1699 (La. 4/25/01), 786 So.2d 708, 715–16; (citing *Roberts v. Benoit*, 1991-0394 (La. 5/28/92), 605 So.2d 1032, 1051).

**C.    Analysis.**

Defendant's contention in its Motion is that Plaintiff has not fulfilled her burden to show that her fall was "due to a condition existing in or on a merchant's premises." LA. REV. STAT ANN. § 9:2800.6(B). As noted above, the Louisiana

---

[2] In its Motion, Defendant avers that Plaintiff's claims appear to be based on both LA. REV. STAT. ANN. § 9:2800.6 and LA. CIV. CODE ANN. Art 2317.1. In Louisiana, claims that arise "from a fall on the merchant premises" are only governed by Section 9:2800.6, not Article 2317.1. *Gruver v. Kroger Company*, 10-689 (La. App. 3 Cir. 2/2/11);54 So.3d 1249, 1252 n.3. *See also Guidry v. Murphy Oil USA, Inc.* 2015 WL 5177569, at *3 n.4 (M.D. La. 2015); *Gray v. Wal-Mart Louisiana, LLC*, 2011 WL 4551460, at *2 (W.D. La. 2011). Accordingly, the Court will only look to Section 9:2800.6 for guidance in this matter.

legislature, in passing Section 9.2800.6, placed a very high burden on a plaintiff claiming a merchant was negligent in permitting a hazardous condition to exist in its store. *Bagley*, 492 F.3d at 330. Where, as here, a movant claims in a summary judgment motion that the non-movant has pleaded no facts establishing a *prima facie* case on an element of its claim, the non-movant must present actual evidence in rebuttal, mere allegations or speculation will not suffice. *Anderson*, 477 U.S. at 256. *See also Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994) (a non-movant must "go beyond the pleadings and by . . . affidavits, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing that there is a genuine issue for trial'.") (quoting *Celotex*, 477 U.S. at 324).

"In a negligence action, the plaintiff has the burden of proving negligence and causation by a preponderance of the evidence." *Cay v. State, DOTD*, 1993-0887 (La. 1/14/94), 631 So.2d 393, 395. Indeed, "[c]ause-in-fact is the initial inquiry in a duty-risk analysis." *Id.* That evidence may be direct or circumstantial, but it cannot be speculative, conclusory or mere allegations. *Ton v. Albertson's, LLC*, 50,212 (La. App. 2 Cir. 11/18/15); 182 So.3d 246, 249. *Accord, Neuman v. Brookshire Grocery Company*, 2008 WL 728652, at *4 (W.D. La. 2008) ("such speculation falls far short of the factual support required to establish that plaintiff will be able to satisfy his evidentiary burden at trial."); and *Reed v. Home Depot USA, Inc.*, 37,000 (La. App. 2 Cir. 4/9/03); 843 So.2d 588, 591 (same). Simply put, to satisfy Section 9:2800.6, Plaintiff has the initial burden to prove that a condition of the merchant's premises caused the fall. *Harris v. Kroger Co.*, 2017 WL 6419296, at *2 (W.D. La. 2017).

In her Opposition, Plaintiff relies primarily on her pleadings and her responses to interrogatories for specific evidence to establish the causation element of her negligence claim, *viz*, that the condition of the Hobby Lobby floor caused her to slip or trip and fall. Record Document 28 at 7-8.[3]  In her Petition, Plaintiff contends that either she tripped on an up-raised tile, or she slipped on a wet and slippery floor. Record Document 1-1 at ¶¶5,6. In her interrogatory responses she states that she slipped on "something" and stumbled but does not state what that something was. Record Document 28-6 at 2.  She also cites to the EMS report wherein the attending personnel noted that "[she] said she thinks she tripped over the tile with her left toe and fell."  Record Document 28-3 at 4. None of these statements provides the specific evidence necessary to establish a genuine issue of material fact regarding causation, necessary to survive summary judgment and proceed to trial.

The statements in her Petition are merely allegations, which as a matter of law are insufficient to be competent summary judgment evidence. *Deal v. Outback Steakhouse of Florida, LLC*, 2021 WL 3577003, at *3 (W.D. La. 2021) ("It is well settled that conclusory allegations unsupported by specific facts will not preclude summary judgment and that Plaintiff cannot rest on mere allegations to support her claim to move forward without any significant probative evidence tending to support the complaint.") (internal citations and quotations omitted).  Plaintiff's response to

---

[3] The Court takes judicial notice that Ms. Howe is deceased, so Plaintiff cannot obtain her affidavit, take her deposition, or otherwise augment the record with her additional sworn testimony. Nonetheless, the Court must rely on the evidence record as it exists to rule on the merits of the Motion, as the same circumstances would prevail were this case to go to trial.

Defendant's interrogatories fares no better, as she only asserts that she slipped on "something" without saying what exactly that something was.

Plaintiff relies on the observation in the EMS written report that she thought she had slipped on a tile, and pictures allegedly of the Hobby Lobby floor taken over a year after the incident, as factual evidence to support her claim that the condition of the floor tiles caused her to fall. Both efforts fall short of competent summary judgment evidence.

First, the statements in the EMS report, which contain a statement by a third party medical technician reporting what another third party allegedly said, are hearsay-within-hearsay that do not fall within the medical records hearsay exception, as the statement as to causation does not relate to medical diagnosis or treatment. FED. R. EVID. 803(4); *Rock v. Huffco Gas & Oil Co., Inc.* 922 F.3d 272, 277-78 (5th Cir. 1991) (noting that statements about what caused the plaintiff's fall were important legally but not medically from a treatment standpoint, and thus outside the medical records hearsay exception.); *Logan v. Westfield Insurance Company*, 2020 WL 406785, at *3 (W.D. La. 2020) (same). Further, the statement is pure speculation, expressing only what she thought happened.

Regarding the pictures, the record does not reflect where in the store the pictures were taken, or anything to confirm that the pictures were actually taken at the Hobby Lobby. And Plaintiff acknowledges that they were taken over a year after the incident, Record Document 28 at 3; Record Document 28-6 at 2; thus, they only reflect the then-current condition of the floor, not its condition at the time of the

incident.  Finally, and most importantly, the two pictures are attached to Plaintiff's Opposition without any verification or authentication, absent which such pictures are inadmissible as competent summary judgment evidence. *Robinson v. Wal-Mart Stores, Inc.* 2016 WL 5210711, at \*5 (W.D. La. 2016) (collecting cases).

It is beyond peradventure that Ms. Howe took a very hard fall in the Hobby Lobby on March 2, 2023, resulting in significant injuries to her shoulder and leg.  She did not file a contemporaneous report with store personnel or otherwise document exactly what happened and how it happened.  The record is devoid of any surveillance video or still pictures taken on the day of the incident, of any written reports by anyone documenting the incident, and of any further communication between Plaintiff and Defendant regarding the incident prior to the filing of this lawsuit. During medical treatment immediately following the incident she allegedly said she thought she tripped over a tile, but as noted above that statement is both speculative and hearsay-within-hearsay, and therefore inadmissible. But, for the sake of argument, even accepting that statement, Ms. Howe then had over 11 months, from the date of the fall on March 2, 2023, to February 28, 2024, when she filed suit against Defendant in Louisiana state court, to follow up on how the fall actually occurred and to determine and to document exactly what happened.  Instead, in her Petition she went the opposite direction, expanding the possible causes by claiming that she either tripped on a tile or slipped on a wet and slippery floor, thus making causation even more ambiguous.  In her Opposition she reiterates that "she slipped or tripped and fell", continuing to plead in the alternative without presenting factual evidence of

either.  Record Document 28 at 7. The truth appears to be that she simply did not know exactly what caused her to fall.

In the end, Plaintiff's claim distills to this: she took a hard fall on Defendant's floor, so Defendant is responsible, regardless of whether it was the condition of the tile or a wet and slippery floor.  It happened in Defendant's store, so it is Defendant's fault.  While the Court is sympathetic to Plaintiff's serious injuries, finding Defendant liable under such circumstances would essentially result in strict liability, an outcome not contemplated by Section 9:2800.6. *Cf. Ton*, 182 F.3d at 250 ("While merchants must exercise reasonable care to protect their patrons and keep their premises safe from unreasonable risks of harm, they are not insurers of their patron's safety and are not liable every time an accident happens.").

Even when construing all justifiable inferences in her favor, Plaintiff has failed to provide any factual support to create a genuine issue of material fact as to the existence of a hazardous condition at the Hobby Lobby that presented an unreasonable risk of harm. All of the evidence Plaintiff cites in her Petition and Opposition are conclusory allegations and speculation, lacking the factual support necessary to show that she would be able to meet her evidentiary burden at trial. *Babin v. Winn-Dixie Louisiana, Inc.,* 2000-0078, p.4 (La. 6/30/00), 764 So.2d 37, 40. For those reasons she fails to establish that a condition of the Hobby Lobby floor caused her to fall, a requirement of a claim under Section 9:2800.6, and summary judgment is warranted.

## CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Defendant's motion for summary judgment, Record Document 26, is **GRANTED**.  All of Plaintiff's claims filed against Defendant in this matter are **DISMISSED WITH PREJUDICE**.

**DONE AND SIGNED** in Shreveport, Louisiana, this 28th day of April, 2026.

**ALEXANDER C. VAN HOOK**
**UNITED STATES DISTRICT JUDGE**